UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GALINA B. NELSON, | CASE NO. 2:24-cv-00799 |
| Plaintiff, | ORDER |
| v. | |
| RYAN L. NELSON, | |
| Defendant. | |

## 1.    INTRODUCTION

The Court raises this matter on its own accord. Pro se Plaintiff Galina B. Nelson ("Galina") pursues this action against Defendant Ryan L. Nelson ("Ryan") in forma pauperis (IFP).[1] *See* Dkt. No. 4. After reviewing the complaint, Dkt. No. 3, under 28 U.S.C. § 1915(e)(2)(B), the Court finds Galina fails to state a claim on which relief may be granted. Rather than dismissing this case outright, the Court grants Galina leave to amend the complaint within 30 days of this Order.

---

[1] Because Plaintiff Galina B. Nelson and Defendant Ryan L. Nelson share a last name, the Court refers to them by first names to avoid confusion. No disrespect is intended.

**ORDER** - 1

### 2.    DISCUSSION

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

At the same time, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the duties imposed on the Court by Section 1915 are unwavering, and when an IFP plaintiff fails to state a claim, the action must be dismissed.

Here, Galina brings a breach of contract claim against Ryan under the Court's diversity jurisdiction, alleging that Ryan has failed to pay his alleged contractual obligations to Galina in the amount of $720,000. *See* Dkt. No. 3. Galina's complaint refers to an "affidavit of support"—allegedly "signed and notarized by Ryan"—in which Ryan promised to pay Galina $5,000 per month beginning in 2011. *Id.* But the complaint provides virtually no insight into the facts surrounding this so-called "affidavit of support." On the face of the complaint, it is not apparent whether the "affidavit of support" was intended as a gift, a contractual debt in exchange for goods or services, a court-ordered support payment instituted in state-court family proceedings, or something else entirely. Without knowing the facts surrounding this contract, the Court cannot determine that Galina plausibly states a claim on which relief may be granted.

### 3.    CONCLUSION

Because the complaint provides no factual assertions about the nature of the contract underlying Ryan's alleged liability, the Court concludes that Galina has failed to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

U.S. at 678. Therefore, the Court FINDS that the operative complaint, Dkt. No. 4, fails to state a claim on which relief may be granted.

But rather than dismissing the case outright, the Court GRANTS Galina leave to amend the complaint and ORDERS Galina, within thirty (30) days of this Order, to submit an amended complaint that states a claim on which relief may be granted. The amended complaint should clarify the factual nature of the so-called "affidavit of support" so as to plausibly allege the existence of a contract enforceable in federal court. Failure to do so will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

It is so ORDERED.

Dated this 21st day of November, 2024.

Jamal N. Whitehead
United States District Judge

**ORDER** - 4